**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Brandt,<br><br>            Plaintiff,<br><br>v.<br><br>MP BHC LLC,<br><br>            Defendant. | No. CV-18-08314-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). Plaintiff has consented to the exercise of Magistrate Judge jurisdiction (Doc. 8). The Court finds that Plaintiff does not have sufficient means to pay the Court's fees and will grant the Application (Doc. 2). Upon screening the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to set forth federal subject matter jurisdiction. The Court therefore grants Plaintiff leave to file a First Amended Complaint consistent with the findings of the Court set forth herein.

## I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal –

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints"). The Court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In order to state a claim for relief, the Federal Rules of Civil Procedure require that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction and Pleading in Federal Court**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

**II. Discussion**

In his Complaint, Plaintiff sets forth multiple causes of action against his landlord. The Court finds that the Complaint fails to comply with the Federal Rule of Civil Procedure 8(a). Plaintiff has failed to state sufficient facts to support each of his legal theories. The Court is unable to determine when, where, how, and by whom the Defendant conducted or

failed to conduct themselves in accordance with the law. Nor does Plaintiff indicate what jurisdictional authority he relies upon in bringing this case. Plaintiff has not established diversity of citizenship. Plaintiff has not cited the Court to any federal legal authority supportive of subject matter jurisdiction. The Supreme Court has explained that a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Courts must review a complaint as it is pled because the party bringing "suit is master to decide what law he will rely upon." *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987)). The Court will grant Plaintiff leave to file a First Amended Complaint that precisely states the legal cause of action for which he seeks relief, the authority under which the Court has jurisdiction to hear the case, and the factual basis supporting a cognizable legal theory for each count alleged.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that by **February 18, 2019**, Plaintiff must file a First Amended Complaint that complies with this Order and corrects the deficiencies noted herein. If filed, Plaintiff shall indicate on the pleading that it is a "First Amended Complaint." Failure to timely file a First Amended Complaint may result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that if Plaintiff files a First Amended Complaint, it may not be served until the Court has issued its screening order pursuant to 28 U.S.C.§ 1915(e)(2).

Dated this 22nd day of January, 2019.

*/s/ EsWillett*
Honorable Eileen S. Willett
United States Magistrate Judge