**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Brandt, | No. CV-18-08314-PCT-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| MP BHC LLC, | |
| Defendant. | |

The Court has reviewed Plaintiff's First Amended Complaint (Doc. 13) that Plaintiff has lodged pursuant to the Court's January 22, 2019 Order (Doc. 12). Plaintiff has failed to correct the deficiencies in the original Complaint (Doc. 1) regarding subject matter jurisdiction.

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). For the purpose of determining diversity of citizenship, a limited liability company ("LLC") is a citizen of every state in which its owners/members are citizens. Johnson v. *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, a plaintiff must "allege the citizenship of all the members" of an LLC to properly plead

diversity jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Here, the First Amended Complaint fails to allege the citizenship of each owner/member of Defendant MP BHC, LLC. Moreover, the First Amended Complaint fails to allege the citizenship of the Doe Defendants. "Doe defendants [ ] are not automatically disregarded for jurisdictional purposes." *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 236 (N.D. Cal. 1980). The Court finds that the First Amended Complaint fails to establish diversity of citizenship. Plaintiff will be given the opportunity to re-file a First Amended Complaint that corrects this deficiency. As Plaintiff has alleged that certain Doe Defendants have committed torts against him, Plaintiff's revised First Amended Complaint shall allege the citizenship of the Doe Defendants in addition to the citizenship of each owner/member of Defendant MP BHC, LLC.

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Liberally construed, the First Amended Complaint alleges a violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619.

To state a discrimination claim under the FHA, the plaintiff must establish a prima facie case by alleging facts that: (i) plaintiff's rights are protected under the FHA; and (ii) as a result of the defendant's discriminatory conduct, the plaintiff has suffered a distinct and palpable injury. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). When, as here, the plaintiff alleges discrimination on the basis of disability, he must suffer from a handicap as defined in 42 U.S.C. § 3602(h). *See United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as

having such an impairment." 42 U.S.C. § 3602(h). Plaintiff's First Amended Complaint fails to adequately plead that Plaintiff suffers from a handicap within the meaning of 42 U.S.C. § 3602(h). *See Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) ("[Plaintiff's] FHA claim is deficiently pled. As an initial matter, the Court cannot assess whether [Plaintiff] has a handicap within the meaning of § 3602(h) because she does not provide any details regarding her alleged disability. Instead, she makes the conclusory assertion that she 'is a disabled veteran receiving a disability, which qualified her for her federally subsidized assistance program Section 8.'").

As the above jurisdictional defects may be cured, the Court will grant Plaintiff leave to file a revised First Amended Complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) ("Assuming a substantive or jurisdictional defect in the pleadings, dismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by any amendment.") (internal quotation marks and citation omitted).

Accordingly,

**IT IS ORDERED** striking Plaintiff's lodged First Amended Complaint (Doc. 13) with leave to refile a revised First Amended Complaint that complies with this Order and corrects the deficiencies noted herein. Plaintiff shall have until **July 10, 2019** to re-file a revised First Amended Complaint. If filed, Plaintiff shall indicate on the pleading that it is a "First Amended Complaint." Failure to timely file a revised First Amended Complaint may result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that if Plaintiff files a revised First Amended Complaint, it may not be served until the Court has issued its screening order pursuant to 28 U.S.C.§ 1915(e)(2).

Dated this 11th day of June, 2019.

Eileen S. Willett
United States Magistrate Judge